**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| COMMVAULT SYSTEMS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:21-cv-00537 |
| | ) | |
| RUBRIK INC., | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendant. | ) | |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Commvault Systems, Inc. ("Commvault" or "Plaintiff") brings this action for patent infringement against Defendant Rubrik Inc. ("Rubrik" or "Defendant") as follows:

**THE PARTIES**

1.      Commvault is a Delaware corporation with a principal place of business at 1 Commvault Way, Tinton Falls, New Jersey 07724.

2.      On information and belief, Defendant Rubrik Inc. is a Delaware corporation with a principal place of business at 3495 Deer Creek Road, Palo Alto, California 94304.

**JURISDICTION AND VENUE**

3.      This is a civil action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq*.

4.      This Court has subject matter jurisdiction over the matters asserted herein under 28 U.S.C. §§ 1331 and 1338(a).

5.      This Court has personal jurisdiction over Rubrik because, on information and belief, Rubrik has committed and continues to commit acts of infringement within the State of

Texas and this judicial district giving rise to this action, including by, among other things, importing, offering to sell, and selling products and services that infringe the asserted patents.

6.      Under 28 U.S.C. § 1400(b), venue is proper in this judicial district because, as noted above, on information and belief, Rubrik has committed and continues to commit acts of infringement within this judicial district giving rise to this action, and Rubrik has a regular and established place of business in this judicial district, including at 816 Congress Avenue, Suit, 900, Austin, Texas 78701.[1]

## NATURE OF THE ACTION

7.      Commvault is a pioneer of modern data storage and information management, introducing to market many revolutionary features for use in data centers and enterprise infrastructure configurations worldwide. Since its founding in 1996, Commvault has led the industry in the developing technologies critical to ensure the secure availability and management of the massive amounts of data that has become the lifeblood of companies operating in this information age.

8.      Commvault has, through more than two decades of continuous research and development and investment, been at the forefront of such market-changing innovations as cloud integration, virtual machine protection, snapshots, indexing and search, deduplication, and policy-based data management. Commvault's software and services integrate these novel features and provide users with the highest levels of flexibility and cross-compatibility, protecting data while reducing costs and labor and improving system "uptime" in the face of data failures.

9.      Commvault typically spends between $65 and $100 million dollars per year in research and development and has invested over a billion dollars in research and development

---

[1]   https://www.rubrik.com/en/contact-us

since its inception. Given the ever-evolving systems and sheer amounts of data that fuel the modern economy, Commvault's investment in innovation, and its commitment to support the same, has ensured the secure management and perpetual availability of the critical data most companies need to do business—a focus and commitment to which Commvault adheres to this day.

10.     Recognizing the importance of Commvault's contributions to the data storage and management industry, the United States Patent Office has awarded Commvault almost 800 United States patents for its myriad inventions. Protection of such innovations is core to the roots of the United States, finding its genesis in the Constitution itself.

11.     Rubrik is a newcomer to the data storage and protection industry. Capitalizing on Commvault's innovations and the market that Commvault pioneered, Rubrik introduced its "Converged Data Management" backup and recovery solution in 2015. Since then, Rubrik has repeatedly adopted and impermissibly appropriated Commvault-patented inventions, as part of Rubrik's introduction of cloud archive integration, virtual machine protection, and policy-based security restrictions, among other proprietary features, to its products. Through its infringement, Rubrik has wrongfully short-circuited the research-and-development process, minimized the investment necessary to have competitive products and forced Commvault to compete against its own inventions.

12.     This action seeks to prevent Rubrik's continued misappropriation and use of certain of Commvault's patented innovations and to compensate Commvault for Rubrik's past repeated acts of infringement. Specifically, Rubrik has infringed, continues to infringe, contributes to the infringement of, and induces the infringement by others of each of U.S. Patent Nos. 8,442,944, 9,632,882, 10,033,813, 10,089,193, and 10,437,801 (collectively, the "Asserted Patents") at least

by making, using, selling, offering for sale, and importing into the United States data management products and services that infringe one or more claims of each of the Asserted Patents.

13.     The infringing Rubrik products include, but are not limited to, the Rubrik "Brik" appliances, such as the r334, r344, r348, r528, r6304s, r6304se, r6404s, r6404se, r6408s, r6408se, r6410s, r6410se, r6412s, r6412se, and r6408f, or third-party server platforms that include, for example, the Rubrik Cloud Data Management ("CDM") software suite and related software features as identified and described in greater detail in Counts I-V ("Accused Products") below.

## FACTUAL BACKGROUND

### Technology Overview

14.     Large and medium-sized businesses maintain vast amounts of data. E-mails, chat programs, websites, network-shared files, applications, databases—all of these services continuously generate valuable data. Businesses rely on this data to support their clients, their employees, or even to keep the lights on. Copies are often generated from this data to ensure availability when needed. Generating and maintaining these copies allow organizations to maximize uptime by preventing loss of operation in response to service disturbances, data breaches, and catastrophic failures (*e.g.*, malware or ransomware attacks), server or disk failures, failed upgrades, or other unplanned outages. For example, using these generated and maintained copies of data, an organization's production data lost in a disturbance or attack can be restored to the time and state of its last generated copy. Historically, organizations worked with an amalgam of companies whose products were expected to work together to provide full coverage for protection of their production data—for example, products that individually performed backup and restore, archiving, cloud integration, and malware protection. More recently, organizations have begun using consolidated software and/or service offerings to substantially improve the ease and efficiency by which these data protection operations are performed.

**Commvault**

15.    Commvault can trace its beginning to 1988 as a development group of Bell Labs and a business unit within AT&T Network Systems. In the late 1980s, long-distance telephone calls were not serviced by a single company: a telephone call originating in New York and terminating in Los Angeles usually traversed several telephone carriers' networks along the way. AT&T provided long-distance services, connecting, for example, the originating carrier to the terminating carrier across the country. To provide these services, AT&T received daily updates to its system. If an update caused a switching error, that meant that other carriers were unable to place long-distance calls using the switching network, and AT&T was required to pay a penalty to the carriers. Because these frequent updates and the related risk of error were a critical business need, the group created software to back up (and, if necessary, to quickly restore) the previous day's instance of the switching system.

16.    With the computer revolution of the late 1980s and early 1990s, businesses began to digitize their records—again creating a need in the market for efficient and reliable backup software. Recognizing this need, this earlier development group was incorporated as Commvault in 1996 for the purpose of helping to create and lead an industry that enables its customers, large and small, to use the heterogeneous computer hardware that already occupies their datacenters to securely and efficiently manage their data.

17.    From humble beginnings, Commvault has evolved into a multinational business with revenue last fiscal year of approximately $700 million. Starting with just a handful of employees, Commvault has grown to having over 2,700 employees with over 1,400 engineers who are tasked with research, development and support of its innovative products and services. Commvault maintains over fifty offices in over 30 countries that serve over 30,000 customers. Commvault solutions manage over half an exabyte—over half a billion gigabytes—in the cloud

alone and an exponentially higher amount when including data stored on its customers' own equipment. Commvault's products became and have remained among the best-selling and technologically advanced data management suites available on the market.

18.     The industry repeatedly has recognized Commvault's technological achievements and advancements in the marketplace. In each of the last eight years, Commvault has been named a Leader in the Gartner Magic Quadrant for Data Center Backup and Recovery—a recognition given to companies in a market space determined by Gartner's analysts not only to execute well against their current vision but to also be well positioned for tomorrow. For the last three years, Commvault has also been named a Gartner Peer Insights Customers' Choice for Data Center Backup and Recover Solutions. Commvault has also received a GOLD award in the Backup and Disaster Recovery, Hardware, Software and Services category by TechTarget's Storage magazine, and was listed as one of SearchStorage's 2019 Products of the Year.

## **<u>Rubrik</u>**

19.     Rubrik was founded in January 2014. Like Commvault, Rubrik offers data storage and management services for on-premises, cloud, and mixed environments. Rubrik's offerings include software for physical and virtual machine backup and recovery, archiving, disaster recovery, privacy and compliance, cybersecurity, and other technologies, as well as hardware designed to implement those technologies. Although Rubrik has derived numerous marketing names and terms for its various product features and offerings, these features and offerings lag their competing Commvault offerings in most cases and, whether by design or coincidence, infringe, for example, Commvault's U.S. Patent Nos. 8,442,944, 9,632,882, 10,033,813, 10,089,193, and 10,437,801.

## COUNT I: INFRINGEMENT OF U.S. PATENT NO. 8,442,944

20.     Commvault incorporates by reference and re-alleges all the foregoing paragraphs of this Complaint as if fully set forth herein.

21.     U.S. Patent No. 8,442,944 (the "'944 Patent"), entitled "System and Method for Generating and Managing Quick Recovery Volumes," was duly and legally issued by the U.S. Patent and Trademark Office on May 14, 2013. The '944 Patent is generally directed to targeted backup and recovery of individual data objects, including application specific information, and access/view of this information via a graphical user interface ("GUI"). According to the '944 Patent, the GUI may display snapshots taken using a volume snapshot service (VSS), leveraged by a snapshot manager, to store exact images of an original working volume of data. This includes identifying a snapshot application, creating the quick recovery volume of the primary data set from the snapshot image of the primary data set, and controlling transfer of data from the first computer to an archival storage unit. The named inventors on the '944 Patent are Anand Prahlad, Andreas May, Ivan Pittaluga, John Alexander, and Jeremy A. Schwartz. Commvault is the original and current owner by assignment of all right, title, and interest in the '944 Patent. A true and correct copy of the '944 Patent is attached hereto as Exhibit A.

22.     On information and belief, Rubrik has directly infringed, continues to infringe, and/or, at least as of the date of this Complaint, induces or contributes to the infringement by others of one or more claims of the '944 Patent by making, using, selling, offering for sale, and/or importing into the United States, without authority or license, for example, the Rubrik "Brik" appliances such as the r334, r344, r348, r528, r6304s, r6304se, r6404s, r6404se, r6408s, r6408se, r6410s, r6410se, r6412s, r6412se, and r6408f, including, for example, the Rubrik CDM software suite and related software features, or otherwise supplying such software to its customers for storage in memory on those customers' hardware components (collectively, "the '944 Accused

Products") in violation of 35 U.S.C. §§ 271(a), (b), and (c). The '944 Accused Products are non-limiting examples identified based on publicly available information, and Commvault reserves the right to identify additional infringing activities, products, and services on the basis of information obtained, for example, during discovery.

23.     By at least the filing of the Complaint, Commvault has disclosed to Rubrik the existence of the '944 Patent and identified at least some of Rubrik's and others' activities that infringe at least one claim of the '944 Patent. Thus, based on this disclosure, Rubrik has knowledge of the '944 Patent and that its activities infringe the '944 Patent. Based on Commvault's disclosures, Rubrik has also known or should have known since at least the filing of the Complaint that its customers, distributors, suppliers, and other purchasers of the '944 Accused Products are infringing the '944 Patent at least because Rubrik has known that it is infringing the '944 Patent.

24.     The '944 Accused Products meet all the limitations of at least claim 6 of the '944 Patent in violation of 35 U.S.C. § 271(a).

25.     For example, computer systems that execute the Rubrik CDM software suite, including Rubrik's "Brik" appliances such as the r334, r344, r348, r528, r6304s, r6304se, r6404s, r6404se, r6408s, r6408se, r6410s, r6410se, r6412s, r6412se, and r6408f, each include a processor configured to execute instructions stored in computer-readable memory.[2] Upon information and belief, CDM provides a graphical user interface (GUI) capable of receiving inputs from users to manage all data in the cloud, at the edge, or on-premises, for many use cases including backup, disaster recovery, archival, compliance, analytics, and copy data management. Rubrik's CDM and

---

[2]   *See, e.g.*, https://www.rubrik.com/content/dam/rubrik/en/resources/data-sheet/Spec-Sheet-Rubrik-Appliance-Specs-r6000.pdf, https://www.rubrik.com/wp-content/uploads/2015/12/Spec-Sheet-Rubrik-Appliance-Specs-1.pdf, https://www.rubrik.com/content/dam/rubrik/en/resources/data-sheet/spec-sheet-enhanced-flash-rubrik-appliance-r6000se.pdf.

Blob Engine contains, at least in part, a snapshot manager that interfaces with a backup storage system (*e.g.*, physical storage, cloud, etc.) to enable users to manage backup storage via the GUI. Rubrik's CDM, including its Blob Engine, are configured to enable users to browse snapshot images and recover selected snapshot images stored in backup storage (*e.g.*, physical, on-premise, or cloud). For example, the VM recovery tool allows a user to browse snapshots corresponding to a particular VM in a GUI, including distinct full and incremental snapshots over a period of time, which necessarily requires the Rubrik cluster to have stored metadata associating the snapshot with the VM. Search is enabled by the Blob Engine, which performs metadata indexing. The Blob Engine also supports searching of content items in secondary storage. Rubrik's CDM interfaces with Rubrik Backup System ("RBS") to create a snapshot image that constitutes an image of the original volume of data.

26.    This description is based on publicly available information and a reasonable investigation of the structure and operation of the '944 Accused Products. Commvault reserves the right to modify this description, including, for example, on the basis of information about the '944 Accused Products that it obtains during discovery.

27.    On information and belief, at least as of the date of this Complaint and based on the information set forth herein, Rubrik also actively, knowingly, and intentionally induces infringement of one or more claims of the '944 Patent under 35 U.S.C. § 271(b) by actively encouraging others to import, make, use, sell, and/or offer to sell in the United States, the '944 Accused Products. Rubrik instructs its customers how to install and implement the CDM software on at least one processor having memory, where the memory is capable of implementing instructions that engage a snapshot manager to enable users to manage backup storage via a GUI.

The foregoing is true irrespective of whether the CDM software is installed on Rubrik hardware or on a user's own hardware pursuant to Rubrik's instructions.

28.     On information and belief, at least as of the date of this Complaint and based on the information set forth herein, Rubrik further contributes to the infringement of one or more claims of the '944 Patent under 35 U.S.C. § 271(c) by offering to sell, selling, and/or importing into the United States a component of the '944 Accused Products, or a material or apparatus for use in practicing a process claimed in the '944 Patent, that constitutes a material part of the inventions, knowing the same to be especially made or especially adapted for use in an infringement of the '944 Patent, and which is not a staple article or commodity of commerce suitable for substantial noninfringing use. In this case, the Rubrik CDM software is a material part of at least the invention of claim 6 of the '944 Patent for the reasons set forth in paragraph 31, above.

29.     Rubrik's infringement has damaged and continues to damage Commvault in an amount yet to be determined, constituting at least a reasonable royalty and/or the lost profits that Commvault would have made but for Rubrik's acts of infringement.

## COUNT II: INFRINGEMENT OF U.S. PATENT NO. 9,632,882

30.     Commvault incorporates by reference and re-alleges all the foregoing paragraphs of this Complaint as if fully set forth herein.

31.     U.S. Patent No. 9,632,882 (the "'882 Patent"), entitled "Generic File Level Restore from a Block-Level Secondary Copy," was duly and legally issued by the U.S. Patent and Trademark Office on April 25, 2017. The '882 Patent is generally directed to targeted backup and recovery of individual data objects, including application specific information, and access/view of this information via a GUI. According to the '882 Patent, software may provide for access on a client device to view a block-level secondary copy of file system data, mount that block-level copy onto the client device, and restore an individual file from the larger backup to the client device.

The '882 Patent further provides systems and methods for performing a file level restore by utilizing existing operating system components, such as file system drivers, that are natively installed on the target computing device. The named inventors on the '882 Patent are Paramasivam Kumarasamy, Amit Mitkar, Andrei Erofeev, Durga Prasad Chedalavada, Suma Seshadri, and Varghese Devassy. Commvault is the original and current owner by assignment of all right, title and interest in the '882 Patent. A true and correct copy of the '882 Patent is attached hereto as Exhibit B.

32.     On information and belief, Rubrik has directly infringed, continues to infringe, and/or, at least as of the date of this Complaint, induces or contributes to the infringement by others of one or more claims of the '882 Patent by making, using, selling, offering for sale, and/or importing into the United States, without authority or license, for example, Rubrik's data management software accessible by web-browser (*e.g.*, the web-based dashboard) and powered by Rubrik's Blob Engine, via a client computer such as Rubrik Brik or Hyperconverged platform (*e.g.*, r6304s, 6404s, 6408s, 6410s, 6412s,  and 6408f) or Rubrik Brik, (or otherwise supplying such software to its customers for storage in memory on those customers' computer hardware components (collectively, "the '882 Accused Products") in violation of 35 U.S.C. §§ 271(a), (b), and (c). The '882 Accused Products are non-limiting examples identified based on publicly available information, and Commvault reserves the right to identify additional infringing activities, products and services on the basis of information obtained, for example, during discovery.

33.     By at least the filing of the Complaint, Commvault has disclosed to Rubrik the existence of the '882 Patent and identified at least some of Rubrik's and others' activities that infringe at least one claim of the '882 Patent. Thus, based on this disclosure, Rubrik has knowledge of the '882 Patent and that its activities infringe the '882 Patent. Based on Commvault's

disclosures, Rubrik has also known or should have known since at least the filing of the Complaint that its customers, distributors, suppliers, and other purchasers of the '882 Accused Products are infringing the '882 Patent at least because Rubrik has known that it is infringing the '882 Patent.

34.     The '882 Accused Products meet all the limitations of at least claim 13 of the '882 Patent in violation of 35 U.S.C. § 271(a).

35.     For example, the Rubrik system is administered by a first computing device comprising computer hardware (*e.g.*, a client computing device using the Rubrik web-based dashboard via a web browser, such as Rubrik Brik or Hyperconverged platform, as described above). The Rubrik system includes a device node (*e.g.*, Rubrik's management software accessible via web-browser powered by Rubrik's Blob Engine) instantiated as software on the first computing device (*e.g.*, a client computing device), the device node providing an interface to access a block-level secondary copy of file system data (*e.g.*, data on a secondary storage device such as a Physical Server). The first computing device is configured to interface with the device node (*e.g.*, Rubrik's management software accessible by web-browser and powered by Blob Engine) to obtain file system metadata corresponding to the block-level secondary copy, the block-level secondary copy representing a plurality of files stored across a plurality of blocks on one or more secondary storage devices. The first computing device processes the obtained file system metadata with an operating system component (*e.g.*, the operating system of the client computer enabling Rubrik software to execute) to construct a file system hierarchy corresponding to the secondary copy and to mount the block-level secondary copy onto the first computing device. The first computing device is further configured to generate data for displaying a view of the file system hierarchy to a user, and in response to a request initiated by user interaction/request, to restore at least a first file of the plurality of files of the block-level secondary copy and to request from the one or more secondary

storage devices one or more first blocks of the plurality of blocks which correspond to the first file. Finally, and in response to a request to the target storage device, one or more first blocks are retrieved from secondary storage and copied to primary storage associated with the first computing device.

36.     This description is based on publicly available information and a reasonable investigation of the structure and operation of the '882 Accused Products. Commvault reserves the right to modify this description, including, for example, on the basis of information about the '882 Accused Products that it obtains during discovery.

37.     On information and belief, at least as of the date of this Complaint and based on the information set forth herein, Rubrik also actively, knowingly, and intentionally induces infringement of one or more claims of the '882 Patent under 35 U.S.C. § 271(b) by actively encouraging others to import, make, use, sell, and/or offer to sell in the United States, the '882 Accused Products. Rubrik instructs its customers how to use and access Rubrik's data management via a web-browser from, *e.g.*, a client computing device to interface with the device node, to obtain system metadata stored across a plurality of blocks, and to construct and display a file system hierarchy for use in restoring files onto the client computing device.

38.     On information and belief, at least as of the date of this Complaint and based on the information set forth herein, Rubrik further contributes to the infringement of one or more claims of the '882 Patent under 35 U.S.C. § 271(c) by offering to sell, selling, and/or importing into the United States a component of the '882 Accused Products, or a material or apparatus for use in practicing a process claimed in the '882 Patent, that constitutes a material part of the inventions, knowing the same to be especially made or especially adapted for use in an infringement of the '882 Patent, and which is not a staple article or commodity of commerce suitable for substantial

noninfringing use. In this case, the Rubrik CDM software suite is a material part of at least the invention of claim 13 of the '882 Patent for the reasons set forth in paragraph 41, above.

39.     Rubrik's infringement has damaged and continues to damage Commvault in an amount yet to be determined, of at least a reasonable royalty and/or the lost profits that Commvault would have made but for Rubrik's acts of infringement.

## COUNT III: INFRINGEMENT OF U.S. PATENT NO. 10,033,813

40.     Commvault incorporates by reference and re-alleges all the foregoing paragraphs of this Complaint as if fully set forth herein.

41.     U.S. Patent No. 10,033,813 (the "'813 Patent"), entitled "External Storage Manager for a Data Storage Cell," was duly and legally issued by the U.S. Patent and Trademark Office on July 24, 2018. The '813 Patent is generally directed to a storage management solution which decouples certain aspects of the storage manager from the data storage cell. The storage management solution of the '813 Patent improves access to, and allows for the more efficient use of, storage resources on a local and global level. In one aspect, the '813 Patent is directed to grouped storage policies that allow for global setting of policies based on certain parameters. The named inventors on the '813 Patent are Sanjary Harakhchand Kripalani, David W. Owen, and Parag Gokhale. Commvault is the original and current owner by assignment of all right, title and interest in the '813 Patent. A true and correct copy of the '813 Patent is attached hereto as Exhibit C.

42.     On information and belief, Rubrik has directly infringed, continues to infringe, and/or, at least as of the date of this Complaint, induces or contributes to the infringement by others of one or more claims of the '813 Patent by making, using, selling, offering for sale, and/or importing into the United States, without authority or license, for example, the Rubrik CDM Software employing Rubrik Polaris—a storage manager deployed in as a Software-as-a-Service

(SaaS) environment for managing and analyzing data residing in Rubrik clusters—, or otherwise supplying such software to its customers for storage in memory on those customers' computer hardware components (collectively, "the '813 Accused Products") in violation of 35 U.S.C. §§ 271(a), (b), and (c). The '813 Accused Products are non-limiting examples identified based on publicly available information, and Commvault reserves the right to identify additional infringing activities, products, and services on the basis of information obtained, for example, during discovery.

43.     By at least the filing of the Complaint, Commvault has disclosed to Rubrik the existence of the '813 Patent and identified at least some of Rubrik's and others' activities that infringe at least one claim of the '813 Patent. Thus, based on this disclosure, Rubrik has knowledge of the '813 Patent and that its activities infringe the '813 Patent. Based on Commvault's disclosures, Rubrik has also known or should have known since at least the filing of the Complaint that its customers, distributors, suppliers, and other purchasers of the '813 Accused Products are infringing the '813 Patent at least because Rubrik has known that it is infringing the '813 Patent.

44.     The '813 Accused Products meet all the limitations of at least claim 11 of the '813 Patent in violation of 35 U.S.C. § 271(a).

45.     For example, computer systems that execute Rubrik CDM software having Rubrik Polaris provide access to shared data storage management for multiple clusters. Rubrik Polaris is a storage manager for Rubrik clusters that is designed to run on a hardware device comprising one or more hardware processors; namely as a SaaS component that runs on hardware in the cloud. Polaris resisters Rubrik clusters (each of which includes a plurality of Rubrik nodes and client devices). Polaris uses Global SLA Domains that can be assigned to a group of Rubrik clusters that is associated with a storage policy, and multiple Rubrik clusters can be added to Polaris and thereby

registered in similar fashion. Rubrik Polaris uses Global SLA Domains that can be assigned to a group of Rubrik clusters, and the Global SLA Domains can be used to schedule and perform different operations, including snapshot, archival, and replication operations for assigned clusters.

46.     This description is based on publicly available information and a reasonable investigation of the structure and operation of the '813 Accused Products. Commvault reserves the right to modify this description, including, for example, on the basis of information about the '813 Accused Products that it obtains during discovery.

47.     On information and belief, at least as of the date of this Complaint and based on the information set forth herein, Rubrik also actively, knowingly, and intentionally induces infringement of one or more claims of the '813 Patent under 35 U.S.C. § 271(b) by actively encouraging others to import, make, use, sell, and/or offer to sell in the United States, the '813 Accused Products.  For example, Rubrik instructs its customers how to use the Rubrik CDM Software employing Rubrik Polaris to register multiple clusters and to perform different operations (*e.g.*, snapshot, archival, and replication) for the assigned clusters.

48.     On information and belief, at least as of the date of this Complaint and based on the information set forth herein, Rubrik further contributes to the infringement of one or more claims of the '813 Patent under 35 U.S.C. § 271(c) by offering to sell, selling, and/or importing into the United States a component of the '813 Accused Products, or a material or apparatus for use in practicing a process claimed in the '813 Patent, that constitutes a material part of the inventions, knowing the same to be especially made or especially adapted for use in an infringement of the '813 Patent, and is not a staple article or commodity of commerce suitable for substantial noninfringing use.  In this case, the Rubrik CDM Software employing Rubrik Polaris is a material

part of at least the invention of claim 11 of the '813 Patent for the reasons set forth in paragraph 51, above.

49.     Rubrik's infringement has damaged and continues to damage Commvault in an amount yet to be determined, of at least a reasonable royalty and/or the lost profits that Commvault would have made but for Rubrik's acts of infringement.

### COUNT IV: INFRINGEMENT OF U.S. PATENT NO. 7,246,207

50.     Commvault incorporates by reference and re-alleges all the foregoing paragraphs of this Complaint as if fully set forth herein.

51.     U.S. Patent No. 7,246,207 (the "'207 Patent"), entitled "System and Method for Dynamically Performing Storage Operations in a Computer Network," was duly and legally issued by the U.S. Patent and Trademark Office on July 17, 2007. The '207 patent is generally directed to a storage management system that performs storage operations on electronic data in a network pursuant to selection logic. The storage management solution of the '207 Patent improves access to, and allows for the more efficient use of, storage resources on a local and global level. In one aspect, the '207 Patent is directed to storage policies used for designating a particular location for storage operations. The named inventors on the '207 Patent are Rajiv Kottomtharayil, Parag Gokhale, Anand Prahlad, Manoj Kumar Vijayan Retnamma, David Ngo, and Varghese Devassy. Commvault is the current owner by assignment of all right, title and interest in the '207 Patent. A true and correct copy of the '207 Patent is attached hereto as Exhibit D.

52.     On information and belief, Rubrik has directly infringed, continues to infringe, and/or, at least as of the date of this Complaint, induces or contributes to the infringement by others of one or more claims of the '207 Patent by making, using, selling, offering for sale, and/or importing into the United States, without authority or license, for example, the Rubrik "Brik" appliances such as the r334, r344, r348, r528, r6304s, r6304se, r6404s, r6404se, r6408s, r6408se,

r6410s, r6410se, r6412s, r6412se, and r6408f, including, for example, the Rubrik  CDM software suite and related software features (collectively, "the '207 Accused Products") in violation of 35 U.S.C. §§ 271(a), (b), and (c). The '207 Accused Products are non-limiting examples identified based on publicly available information, and Commvault reserves the right to identify additional infringing activities, products and services on the basis of information obtained, for example, during discovery.

53.     By at least the filing of the Complaint, Commvault has disclosed to Rubrik the existence of the '207 Patent and identified at least some of Rubrik's and others' activities that infringe at least one claim of the '207 Patent. Thus, based on this disclosure, Rubrik has knowledge of the '207 Patent and that its activities infringe the '207 Patent. Based on Commvault's disclosures, Rubrik has also known or should have known since at least the filing of the Complaint that its customers, distributors, suppliers, and other purchasers of the '207 Accused Products are infringing the '207 Patent at least because Rubrik has known that it is infringing the '207 Patent.

54.     The '207 Accused Products meet all the limitations of at least claim 24 of the '207 Patent in violation of 35 U.S.C. § 271(a).

55.     For example, Rubrik's CDM performs storage operations in a computer network. CDM includes a plurality of nodes in a cluster, and each node is designed for use with, and is capable of connecting to, a plurality of direct attached storage devices that store data for a plurality of client devices. That is, each Rubrik system is designed for use with a plurality of connected client devices. CDM acts as a storage manager that manages SLA Domains for data protection, where the SLA Domains provide configurable sets of policies that can be applied to groups of virtual machines, applications, and hosts to achieve specific data protection objectives. Upon request by a user, an SLA Domain in CDM initiates storage operations for backing up data from

one or more sources to one or more nodes, which will initiate selection of an applicable connectors depending on the type of storage operation to be performed (*e.g.*, the type of data to be backed up). A Rubrik node selects a storage device for a storage operation according to a selection logic. For example, when performing a "live mount" operation, "hot blocks" are promoted to SSD storage.

56.     This description is based on publicly available information and a reasonable investigation of the structure and operation of the '207 Accused Products. Commvault reserves the right to modify this description, including, for example, on the basis of information about the '207 Accused Products that it obtains during discovery.

57.     On information and belief, at least as of the date of this Complaint and based on the information set forth herein, Rubrik also actively, knowingly, and intentionally induces infringement of one or more claims of the '207 Patent under 35 U.S.C. § 271(b) by actively encouraging others to import, make, use, sell, and/or offer to sell in the United States, the '207 Accused Products.  Rubrik instructs its customers how to use the CDM software to perform storage operations in a computer network based on selection logic, whether the CDM software is installed on Rubrik hardware or a user's own hardware.

58.     On information and belief, at least as of the date of this Complaint and based on the information set forth herein, Rubrik further contributes to the infringement of one or more claims of the '207 Patent under 35 U.S.C. § 271(c) by offering to sell, selling, and/or importing into the United States a component of the '207 Accused Products, or a material or apparatus for use in practicing a process claimed in the '207 Patent, that constitutes a material part of the inventions, knowing the same to be especially made or especially adapted for use in an infringement of the '207 Patent, and which is not a staple article or commodity of commerce suitable for substantial

noninfringing use. In this case, Rubrik's CDM software is a material part of at least the invention of claim 24 of the '207 Patent for the reasons set forth in paragraph 61, above.

59.     Rubrik's infringement has damaged and continues to damage Commvault in an amount yet to be determined, of at least a reasonable royalty and/or the lost profits that Commvault would have made but for Rubrik's acts of infringement.

## COUNT V: INFRINGEMENT OF U.S. PATENT NO. 10,437,801

60.     Commvault incorporates by reference and re-alleges all the foregoing paragraphs of this Complaint as if fully set forth herein.

61.     U.S. Patent No. 10,437,801 (the "'801 Patent"), entitled "Differential Health Checking of an Information Management System," was duly and legally issued by the U.S. Patent and Trademark Office on October 8, 2019. The '801 Patent is generally directed to systems and methods for differential health-checking and reporting of one or more information management systems in reference to a first time period before and a second time period after a triggering event. The named inventors on the '801 Patent are Sanjay Harakhchand Kripalani and Parag Gokhale. Commvault is the original and current owner by assignment of all right, title and interest in the '801 Patent. A true and correct copy of the '801 Patent is attached hereto as Exhibit E.

62.     On information and belief, Rubrik has directly infringed, continues to infringe, and/or, at least as of the date of this Complaint, induces or contributes to the infringement  by others of one or more claims of the '801 Patent by making, using, selling, offering for sale, and/or importing into the United States, without authority or license, for example, the Rubrik CDM software and Rubrik Polaris, including at least the Radar and GPS functionalities, or otherwise supplying such software to its customers for storage in memory on those customers' computer hardware components (collectively, "the '801 Accused Products") in violation of 35 U.S.C. §§ 271(a), (b), and (c). The '801 Accused Products are non-limiting examples identified based on

publicly available information, and Commvault reserves the right to identify additional infringing activities, products, and services on the basis of information obtained, for example, during discovery.

63.     By at least the filing of the Complaint, Commvault has disclosed to Rubrik the existence of the '801 Patent and identified at least some of Rubrik's and others' activities that infringe at least one claim of the '801 Patent. Thus, based on this disclosure, Rubrik has knowledge of the '801 Patent and that its activities infringe the '801 Patent. Based on Commvault's disclosures, Rubrik has also known or should have known since at least the filing of the Complaint that its customers, distributors, suppliers, and other purchasers of the '801 Accused Products are infringing the '801 Patent at least because Rubrik has known that it is infringing the '801 Patent.

64.     The '801 Accused Products meet all the limitations of at least claim 1 of the '801 Patent in violation of 35 U.S.C. § 271(a).

65.     For example, the Rubrik CDM software and Rubrik Polaris together form an information management system. A Rubrik cluster acts as a first storage components and participates in a first plurality of storage operations (*e.g.*, backup and restore) before a change in configuration of the first storage component (*e.g.*, a ransomware incident), and also participates in a second plurality of storage operations after the change in configuration of the same first storage component.  The Rubrik CDM running on Rubrik clusters is a storage manager that controls the first plurality of storage operations and the second plurality of storage operations (*e.g.*, backup and restore) before and after a ransomware attack. Either the Rubrik clusters or Rubrik's server in the cloud hosts a differential health-check module (*i.e.*, Rubrik Polaris Radar and GPS) that comprises one or more processors and computer memory. The Rubrik Polaris Radar and GPS are differential health-check modules configured to run on a local Rubrik cluster and/or remote server to detect

changes (*e.g.*, deletion, modification, addition, or other suspicious activities) between two points in time. On information and belief, addition, deletion, or modification of stored backups and other suspicious activities involve evaluating a first value of number of files or file status before a ransomware attack that reflects or measures a file system status associated with the first plurality of storage operations. For example, the first value may be evaluated in a snapshot, which may survey usage patterns to establish a baseline threshold. On information and belief, addition, deletion, or modification of stored backups and other suspicious activities involve re-evaluating the number of files or file status after the ransomware attack that reflects or measures the file system status associated with the first plurality of storage operations. For example, the second value may be evaluated in a second snapshot. Based on the first and second values associated with, *e.g.*, the number of files or file status, Rubrik Polaris detects a change in performance of the selected Rubrik cluster (or VM, or other protected object).

66. This description is based on publicly available information and a reasonable investigation of the structure and operation of the '801 Accused Products. Commvault reserves the right to modify this description, including, for example, on the basis of information about the '801 Accused Products that it obtains during discovery.

67. On information and belief, at least as of the date of this Complaint and based on the information set forth herein, Rubrik also actively, knowingly, and intentionally induces infringement of one or more claims of the '801 Patent under 35 U.S.C. § 271(b) by actively encouraging others to import, make, use, sell, and/or offer to sell in the United States, the '801 Accused Products. Rubrik instructs its customers how to use the CDM software together with feature of Rubrik Polaris, whether the CDM software is installed on Rubrik hardware or a user's own hardware.

68.     On information and belief, at least as of the date of this Complaint and based on the information set forth herein, Rubrik further contributes to the infringement of one or more claims of the '801 Patent under 35 U.S.C. § 271(c) by offering to sell, selling, and/or importing into the United States a component of the '801 Accused Products, or a material or apparatus for use in practicing a process claimed in the '801 Patent, that constitutes a material part of the inventions, knowing the same to be especially made or especially adapted for use in an infringement of the '801 Patent, and which is not a staple article or commodity of commerce suitable for substantial noninfringing use. In this case, the Rubrik CDM software and Rubrik Polaris is a material part of at least the invention of claim 1 of the '801 Patent for the reasons set forth in paragraph 71, above.

69.     Rubrik's infringement has damaged and continues to damage Commvault in an amount yet to be determined, of at least a reasonable royalty and/or the lost profits that Commvault would have made but for Rubrik's acts of infringement.

## PRAYER FOR RELIEF

WHEREFORE, Commvault respectfully requests:

1.     That Judgment be entered that Rubrik has infringed the '944, '882, '813, '207, and '801 Patents, directly and/or indirectly, by way of inducement or contributory infringement, literally or under the doctrine of equivalents;

2.     That, in accordance with 35 U.S.C. § 283, Rubrik and all affiliates, employees, agents, officers, directors, attorneys, successors, and assigns and all those acting on behalf of or in active concert or participation with any of them, be permanently enjoined from (1) infringing the Asserted Patents and (2) making, using, selling, offering for sale and/or importing the Accused Products;

3.     An award of damages sufficient to compensate Commvault for Rubrik's infringement under 35 U.S.C. § 284;

4.      Costs and expenses in this action;

5.      An award of prejudgment and post-judgment interest; and

6.      Such other and further relief as the Court may deem just and proper.

## <u>DEMAND FOR JURY TRIAL</u>

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Commvault respectfully

demands a trial by jury on all issues raised by the Complaint.


Dated: June 18, 2021                              Respectfully Submitted,

                                                  */s/ Scott L. Cole*
                                                  Scott L. Cole (Texas Bar No. 00790481)
                                                  John Bash (Texas Bar No. 24067504)
                                                  **QUINN EMANUEL URQUHART & SULLIVAN, LLP**
                                                  5209 Spanish Oaks Club Blvd.
                                                  Austin, TX 78738
                                                  Telephone: 512-348-2206
                                                  Fax: 737-667-6110
                                                  scottcole@quinnemanuel.com
                                                  johnbash@quinnemanuel.com

                                                  *Counsel for Commvault Systems, Inc.*